IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRANDON HAGOPIAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:20-cv-00906-SMY |
| ) | |
| **PAROLE AGENT REEVES, et al.,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

Plaintiff Brandon Hagopian filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). He was advised that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address and that failure to do so would result in dismissal of this case (Doc. 4). Nevertheless, Plaintiff has failed to keep the Court advised of his current address. Plaintiff's address of record with the Court is Pinckneyville Correctional Center. According to the Illinois Department of Corrections website, Plaintiff was discharged from IDOC custody.

On May 20, 2021, the Court issued an Order for Plaintiff to show cause within 14 days why this case should not be dismissed for his failure to keep the Court apprised of his current address. (Doc. 12). The Order advised Plaintiff that his failure to respond would result in dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b) without further notice. (*Id.*). On June 8, 2021, Pinckneyville Correctional Center confirmed that Plaintiff was discharged from IDOC custody on February 2, 2021.

Plaintiff is responsible for maintaining communication with the court concerning his suit and has not done so. *See Buchanan v. Weaver*, 657 F. App'x 588, 590 (7th Cir. 2016) (citing *see*

*Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Accordingly, this case is **DISMISSED** without prejudice for failure comply with a court order and for failure to prosecute.  Fed. R. Civ. P. 41(b). The dismissal does not count as a strike within the meaning of 28 U.S.C. § 1915(g).  The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

DATED:  June 8, 2021            *s/ Staci M. Yandle*
                                **STACI M. YANDLE**
                                **United States District Judge**